IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § § | Case No. 16-47785-705 |
| **David August Fitzpatrick,** | § § § | |
| Debtor. | § § | Chapter 7 |
| _____ | § § | |
| **Kelly D. Fitzpatrick,** | § § § | Adv. Proc. No. 17-04051-705 |
| Plaintiff, | § § | |
| v. | § § | [Related to Doc. No. 24] |
| **David August Fitzpatrick,** | § § § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO DISMISS

For the reasons herein, the Court orders that the Motion to Dismiss be granted and that the Amended Complaint be dismissed.

## I. FACTS

The Plaintiff and the Defendant are former spouses. On September 13, 2016, the Plaintiff filed a dissolution of marriage proceeding in state court. On October 27, 2016 (the "Petition Date"), the Defendant filed a petition for relief under chapter 7 of the Bankruptcy Code,[1] thereby commencing the above-referenced main bankruptcy case (the "Main Case"). As of the Petition Date, the state court had not issued determined marital property distribution, child support or maintenance. Litigation in the state court dissolution proceeding was stayed upon the filing of the petition.

On April 3, 2017, the Plaintiff filed a Complaint, thereby commencing the above-referenced adversary proceeding. The Defendant sought to dismiss the Complaint. However, the dismissal litigation was back-burnered when, on June 20, 2017, the Court lifted the automatic stay to allow the prosecution of the state court dissolution

---

[1] Unless otherwise provided, a reference to "section(s)" or "§[§]" refers to the indicated section[s] of the Bankruptcy Code.

1

proceeding. On August 18, 2017, the state court entered a Judgment of Dissolution of Marriage (the "Divorce Decree"), which incorporated a Marital Settlement and Separation Agreement (the "Settlement Agreement").

After the entry of the Divorce Decree, the Plaintiff filed an Amended Complaint. In the Amended Complaint, the Plaintiff (i) requests a determination of exception to discharge under § 523(a)(15), as to any debt owed to the Plaintiff pursuant to the Settlement Agreement that was made part of the Divorce Decree, including any debt created by the Indemnification Provision in the Settlement Agreement (the "Debt"[2]), and (ii) objects under § 727(a)(2)(A) & (5) to the entry of discharge in the Main Case. In response to the Amended Complaint, the Defendant filed a Motion to Dismiss, which the Court now considers, along with the briefs submitted and oral argument made.

## II. LAW ON DISMISSAL UNDER FRCP 12(b)

Certain defenses to a claim may be made by motion or raised in a responsive pleading. One such defense is the failure of lack of subject matter jurisdiction, Fed. R. Civ. P. ("Rule") 12(b)(1), including the failure of standing. It is well-established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit. *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). Standing is a threshold inquiry that eschews evaluation on the merits. *Id.* (internal quotations omitted).

Another Rule 12(b) defense is the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).[3] In determining a Rule 12(b)(6) motion, the facts alleged must be viewed in the light most favorable to the plaintiff. *St. Croix Waterway Ass'n v. Meyer*, 178 F.3d 515, 519 (8th Cir. 1999). To survive a motion to dismiss, the complaint must plead sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires that the plaintiff allege more than a "sheer possibility"

---

[2] For purposes of the issue of whether dismissal is proper, the Court assumes that the Plaintiff is owed the Debt alleged. However, nothing herein serves as a determination of the nature or amount of the Debt.

[3] Federal Rule of Civil Procedure 12(b) is made applicable to this Adversary Proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b)).

2

that the defendant committed the alleged unlawful conduct, but does not impose a "probability requirement" at the pleading stage. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, sufficient facts must be alleged "to raise a reasonable expectation that discovery will reveal evidence of" the conduct alleged in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556.

If a Rule 12(b)(1) or Rule 12(b)(6) defense is established, the remedy is dismissal.

### III. ANALYSIS

### A. Claim Under § 523(a)

The Plaintiff alleges that the Debt is a prepetition debt. However, the Debt did not exist as of the Petition Date. It was not based on prepetition events or obligations; it is based on the post-petition event of the marriage dissolution. A debt created by post-petition dissolution decree is a post-petition-incurred debt (even if the divorce proceeding was commenced prepetition), and thus is not subject to a chapter 7 discharge. *In re Arleaux*, 229 B.R. 182, 186 (B.A.P. 8th Cir. 1999). Even the Defendant admits the Debt is a post-petition debt. In insisting that the Debt is prepetition, the Plaintiff argues that the facts are similar to those presented in *Friedman v. Hanis (In re Hanis)* (Adv. Proc. No. 14-04032)("*Hanis*"), which was recently before this Court. In *Hanis*, the Court determined (and the District Court affirmed) that, where the debtor-spouse is obligated on a debt created under an indemnification provision in a divorce decree, such debt is excepted from discharge. However, in *Hanis*, the divorce decree and related agreements were ordered by the state court prior to the petition date, making the obligations thereunder prepetition debts.

Because the Debt is a post-petition debt, it is not subject to the chapter 7 discharge. Therefore, the Plaintiff does not need, and cannot obtain, a determination of exception to discharge, since the Debt is not subject to the discharge in the first place. As such, the Plaintiff fails to state a claim upon which relief under § 523(a) may be granted.

### B. Claim Under § 727(a)

A "creditor" is an "entity that has claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(1)(A). That is, a

3

creditor is an entity with prepetition claim. A "claim," in turn, is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Where the entity does not have a right to payment that arose prepetition, the entity is not a "creditor" for purposes of bankruptcy.

Because the Plaintiff has a post-petition right to payment, not a pre-petition right to payment, the Plaintiff is not a creditor. Because the Plaintiff is not a creditor, she has no standing to bring a § 727(a) action. 11 U.S.C. § 727(c)(providing that "[t[he trustee, a creditor or the United States trustee may object to the granting of a discharge under subsection (a) of this section"). As such, because the Plaintiff lacks standing to bring a claim under § 727(a), the Court lacks subject matter jurisdiction over the matter.

### IV. CONCLUSION

For the reasons set forth, the Court **ORDERS** that the Motion to Dismiss be **GRANTED** and that the Amended Complaint be **DISMISSED**. The Debt, being a post-petition-incurred debt, is not discharged by the discharge order in the Main Case.

DATED: September 4, 2018
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

Copy Mailed To:

**Angela Redden-Jansen**
3350 Greenwood Blvd.
Maplewood, MO 63143

**Robert E. Eggmann**
Carmody MacDonald P.C.
120 South Central Avenue, Suite 1800
Clayton, MO 63105

**Danielle A. Suberi**
Carmody MacDonald P.C.
120 S. Central Avenue, Suite 1800
Saint Louis, MO 63105

4